UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

MAYUR JAIN,

                  Plaintiff,

v.

AMPLIFY CREATIVE GROUP, INC.,
CULTURE PULSE, INC., GAMEON, INC.,
ADAM COWHERD, BOBBY KAMARIS,
and DAVID JENSEN,

                  Defendants.
_____/

Case No. 24-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 445
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Mayur Jain, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendants Amplify Creative Group, Inc., Culture Pulse, Inc., GameOn, Inc., Adam Cowherd, Bobby Kamaris, Alex Beckman and David Jensen, and in support thereof states:

1. Plaintiff Mayur Jain ("Jain" or "Plaintiff") is a resident of the City of Plano, Collin County, Texas.

1

2. Plaintiff's employment with Defendants Amplify Creative Group, Inc. and Culture Pulse, Inc. was based in the State of Michigan.

3. Defendant Amplify Creative Group, Inc. ("Amplify") is a Michigan corporation with its principal place of business located in Oakland County, Michigan.

4. Defendant Culture Pulse, Inc. ("Culture Pulse") is a Wyoming corporation that conducts systematic and continuous business in the State of Michigan.

5. Defendant GameOn, Inc. ("GameOn") is a Delaware corporation that conducts systematic and continuous business in the State of Michigan.

6. Defendant Adam Cowherd ("Cowherd") is a resident of the City of Royal Oak, Oakland County, Michigan and is a principal shareholder in Amplify and Culture Pulse.

7. Defendant Bobby Kamaris ("Kamaris"), upon information and belief, is a resident of the City of New York, New York County, New York and is a principal shareholder in Amplify and Culture Pulse.

8. Defendant David Jensen ("Jensen"), upon information and belief, is a resident of the State of California and is a principal shareholder in Culture Pulse and Amplify.

9. Jurisdiction is vested with this Court with this Court pursuant to 29 USC §201, 42 USC §1983 and 28 USC §1331.

10. Jurisdiction is also vested with this Court pursuant to 28 USC §1332.

11. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

12. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

## **GENERAL ALLEGATIONS**

13. In or about May 2021, Plaintiff was hired by Amplify as a Full Stack Developer, a salaried position with the company.

14. In September 2023, Amplify merged with Culture Pulse, creating a new corporate and legal entity.

15. Following the merger of Amplify and Culture Pulse, Plaintiff became an employee of Culture Pulse.

16. Both Amplify and Culture Pulse promised to pay Plaintiff on a bi-monthly basis.

17. In April 2023 and May 2023, Amplify was significantly late in providing the wage payments, despite Plaintiff having continued to provide full-time employee services.

18. From June 2023 through March 2024, Plaintiff provided full-time employee services to Amplify and Culture Pulse.

19. From June 2023 through March 2024, both Amplify and Culture Pulse failed and refused to pay any wages at all to Plaintiff for his employee services.

20. In June 2023, Kamaris, Cowherd and Jensen told Plaintiff, and other Amplify and Culture Pulse employees, that they were negotiating with executives from GameOn for GameOn to purchase Amplify and Culture Pulse. Kamaris, Cowherd and Jensen promised Plaintiff, and the other employees, that this acquisition would result in all backpay being paid to them, as well as lucrative signing bonuses and employment contracts with GameOn.

21. These promises were false, and Kamaris, Cowherd and Jensen knew that they were false at the time they were made.

22. At the time the promises identified above were made, Kamaris, Cowherd and Jensen had no intention of keeping the promises.

23. In or about November 2023, Kamaris, Cowherd and Jensen informed Plaintiff, and the other Amplify and Culture Pulse employees, that the acquisition had been approved by the GameOn Board of Directors, and they provided a tentative acquisition date to the employees.

24. The statement that the acquisition had been approved by the GameOn Board of Directors was false at the time it was made, and was made with the intent for Plaintiff to rely upon it and continue his full-time work.

4

25. In December 2023, Cowherd informed Plaintiff that he had spoken with representatives of GameOn and that they would be scheduling an "onboarding" process for Plaintiff to begin employment with GameOn.

26. Cowherd's statement referenced in paragraph 25 of this Complaint was false at the time it was made. It was further made with the intent that Plaintiff rely upon it and continue his full-time work, despite not having been paid for his work for the past six months.

27. That same month, December 2023, Cowherd took a lavish vacation to New Zealand.

28. That same month, December 2023, Kamaris took a lavish vacation to Puerto Rico.

29. In January 2024, Kamaris, Cowherd and Jensen again promised Plaintiff (and the other Amplify/Culture Pulse employees) that GameOn was going to onboard them that month. That onboarding did not occur.

30. In February 2024, Kamaris, Cowherd and Jensen again promised Plaintiff (and the other Amplify/Culture Pulse employees) that GameOn was going to onboard them that month. That onboarding did not occur.

31. In March 2024, Kamaris, Cowherd and Jensen again promised Plaintiff (and the other Amplify/Culture Pulse employees) that GameOn was going to onboard them that month. That onboarding did not occur.

5

32. The promises identified in paragraphs 29 through 31 of this Complaint were false at the time they were made, and Kamaris, Cowherd and Jensen never intended to keep those promises.

33. At the end of March 2024, Plaintiff ceased performing any work on behalf of any of the Defendants.

34. In May 2024, GameOn sent lucrative contract offers to Kamaris and Cowherd for them to become employees at GameOn. Upon information and belief, none of the other Amplify and Culture Pulse employees received contract offers from GameOn.

35. On June 10, 2024, Plaintiff was finally presented with a contract by GameOn, which was executed by Plaintiff and GameOn on June 11, 2024.

36. The contract provides that Plaintiff was to be an independent contractor for GameOn as a consultant, to "perform services for" GameOn "on a temporary basis".

37. The terms of the contract provide that Plaintiff was to be paid $10,833.00 per month for the consulting services that he was to provide.

38. In June and July 2024, Plaintiff provided services for GameOn but was not paid for all of his work.

6

39. In July 2024, news broke that GameOn's chief executive officer, Alex Beckman, was being accused of misappropriating approximately $11 million from GameOn.

40. In early July 2024, Cowherd went on an incredibly extravagant vacation, traveling with his wife throughout Europe.

41. Upon information and belief, Cowherd and Kamaris were using funds that could and should have been used to pay the employees to fund lavish lifestyles, including expensive vacations and luxurious homes in Michigan and New York City.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT
## VIOLATION OF MINIMUM WAGE REQUIREMENTS
## AS TO DEFENDANTS AMPLIFY AND CULTURE PULSE

42. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

43. Pursuant to the Fair Labor Standards Act, 29 USC §201, et. seq. (FLSA), Defendants Amplify and Culture Pulse were required to pay wages to Plaintiff for all work performed, suffered or permitted.

44. Defendants Amplify and Culture Pulse have failed, refused and neglected to pay all wages owed to Plaintiff, thereby violating the FLSA by not paying Plaintiff the minimum wage required by law.

7

45. As a direct and proximate result of Amplify's and Culture Pulse's violation of the FLSA, Plaintiff suffered damages, including but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute and liquidated damages as allowed by statute.

## COUNT II
## FRAUD BASED ON BAD-FAITH PROMISE
## AS TO ALL DEFENDANTS

46. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

47. Each of the individual Defendants made the promise that Plaintiff would be paid for work performed for Amplify, Culture Pulse and GameOn.

48. At the time each individual Defendant made the promises identified above, they were acting within the scope of their employment with their respective employers.

49. At the time that the promise was made, the Defendants had no intention of keeping the promise.

50. The Defendants intended that Plaintiff rely on the promises that were made to entice them to perform work for Amplify, Culture Pulse and GameOn despite not intending to pay him for his work.

51. Plaintiff did rely on the bad-faith promise made by Defendants by performing work for Amplfy, Culture Pulse and GameOn.

8

52. Plaintiff suffered damages as a result of his reliance.

53. As a direct and proximate result of Defendants' fraud, Plaintiff suffered damages including but not limited to: lost past and future wages, lost past and future employment benefits and emotional distress.

## COUNT III
## VIOLATION OF IWOWA
## AS TO DEFENDANTS AMPLIFY AND CULTURE PULSE

54. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

55. Pursuant to Michigan's Improved Workforce Opportunity Wage Act (IWOWA), MCL 408.931, et seq., Defendants Amplify and Culture Pulse were required to pay wages to Plaintiff for all work performed, suffered or permitted.

56. Defendants Amplify and Culture Pulse have failed, refused and neglected to pay all wages owed to Plaintiff, thereby violating the IWOWA by not paying Plaintiff the minimum wage required by law.

57. As a direct and proximate result of Amplify's and Culture Pulse's violation of the FLSA, Plaintiff suffered damages, including but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute and liquidated damages as allowed by statute.

## COUNT IV
## VIOLATION OF WAGE AND FRINGE BENEFITS ACT
## AS TO DEFENDANTS AMPLIFY AND CULTURE PULSE

58. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

59. Pursuant to Michigan's Wage and Fringe Benefits Act (WFBA), MCL 408.471, et seq., Defendants Amplify and Culture Pulse were required to pay Plaintiff all wages earned on at least a bi-monthly basis.

60. Defendants Amplify and Culture Pulse failed, refused and neglected to pay Plaintiff any wages at all for the work that he performed from June 2023 through March 2024.

61. As a direct and proximate result of Defendants Amplify's and Culture Pulse's violation of the WFBA, Plaintiff suffered damages, including but not limited to: lost wages, lost employment benefits, attorney fees and liquidated damages as allowed by statute.

## COUNT V
## BREACH OF CONTRACT
## AS TO DEFENDANT GAMEON

62. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

10

63. Plaintiff and Defendant GameOn entered into a "Consulting Agreement" on or about June 10, 2024.

64. Pursuant to the Consulting Agreement, Defendant GameOn promised to pay Plaintiff $10,833.00 per month for consulting and information technology services provided by Plaintiff to GameOn.

65. Defendant GameOn has failed, refused and neglected to pay Plaintiff any amounts due and owing under the Consulting Agreement.

66. As a direct and proximate result of GameOn's breach of contract, Plaintiff has suffered damages in the amount of $43,332.00.

WHEREFORE, Plaintiff Mayur Jain prays that this Honorable Court enter a judgment in his favor against Defendants Amplify Creative Group, Inc., Culture Pulse, Inc., GameOn, Inc., Adam Cowherd, Bobby Kamaris, Alex Beckman and David Jensen in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## JURY DEMAND

Plaintiff Mayur Jain hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
Eric Stempien (P58703)
Attorney for Plaintiff

Dated: October 21, 2024