UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAYUR JAIN,

     Plaintiff,

v.

AMPLIFY CREATIVE GROUP, INC.
et al.,

     Defendants.

Case No. 24-12781
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING INDIVIDUAL DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS [15]**

---

Mayur Jain worked as a developer for Amplify Creative Group and then Culture Pulse when it merged with Amplify. (ECF No. 1, PageID.3.) For nine months, Jain alleges that those companies "failed and refused" to pay him. (*Id.* at PageID.4.) Jain says he was told that an acquisition by a third company, GameOn, "would result in [his] backpay" along with "lucrative signing bonuses and employment contracts." (*Id.*) Jain says that from December 2023 through May 2024, he was told that onboarding with GameOn would soon start. (*Id.* at PageID.5–6.) But when those things did not occur, he stopped "any work on behalf of any of the Defendants." (*Id.* at PageID.6.)

The following month, however, in June 2024, Jain "was finally presented with a contract by GameOn, which was executed." (*Id.*) He started working at GameOn and was apparently paid for some of his work, though not all of it. (*Id.*) One month into this new venture, GameOn's CEO was "accused of misappropriating

approximately $11 million" from the company, which led to its dissolution and his indictment. (*See* ECF No. 14, PageID.73–74.)

Jain then sued Amplify, Culture Pulse, and GameOn for violations of the Fair Labor Standards Act, the Michigan Improved Workforce Opportunity Wage Act, Michigan's Wage and Fringe Benefits Act, breach of contract, and "fraud based on bad-faith promise." (ECF No. 1, PageID.2, 7–11.) He also named three principal shareholders of Amplify/Culture Pulse—individual defendants Adam Cowherd, Bobby Jamaris, and David Jensen—in the same fraud claim under Michigan law. (*Id.* at PageID.8.) Specifically, Jain alleges that the individual defendants made promises that he would be paid with the goal of inducing him to perform work for them, but without ever intending to pay him. (*See id.*) Jain alleges he relied "on the bad-faith promise" and he "suffered damages as a result of his reliance." (*Id.* at PageID.8–9.)

The individual defendants now move for judgment on the pleadings. (ECF No. 15.) The motion is fully and adequately briefed (ECF Nos. 15, 19), so the Court will decide it without further argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the individual defendants' motion is GRANTED.

## I.

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In deciding Rule 12(c) motions, courts use the standard governing Rule 12(b)(6) motions. *See Heinrich v. Waiting Angels Adoption Srvs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). As such, "this Court construes the complaint in the light most

favorable to [Jain], accepts [his] factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.

The individual defendants move for judgment on the pleadings on three grounds. (*See generally* ECF No. 15.) First, they argue that Jain "has not met the heightened fraud pleading requirement" under Federal Rule of Civil Procedure 9(b). (*Id.* at PageID.76–78.) Second, they say that Jain "has not sufficiently established bad faith." (*Id.* at PageID.78–80.) And third, "even if [Jain's] bad faith claim was viable," they believe "it does not have separate and distinct damages as required under Michigan law." (*Id.* at PageID.80–81.)

## A.

Start with the individual defendants' first argument—whether Jain meets the pleading requirement for fraud under Federal Rule of Civil Procedure 9(b). (ECF No. 15, PageID.76–78.)

"Fraud claims are governed by Rule 9(b), which places a heightened pleading standard on the plaintiff." *Bloom as Tr. of Robert A. Bloom Tr. ua/d Mar. 5, 2002 v. SSI Holdco, LLC*, No. 24-11207, 2025 WL 923431, at *2 (E.D. Mich. Mar. 26, 2025). Rule 9(b) requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Sixth Circuit has "further interpreted Rule 9(b) to require that a plaintiff 'allege the time, place, and content of

3

the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted). "Essentially, the plaintiff must state the 'who, what, when, where, and how' of the alleged fraud." *Bloom*, 2025 WL 923431, at *2 (citing *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 411 (6th Cir. 2022)).

Yet Jain does not believe Rule 9(b) applies at all. (ECF No. 19, PageID.152.) He argues that the fraud count "is a state law claim and the Michigan Jury Instructions provide the necessary elements for this claim." (*Id.*) That may be so. But that does not mean that the federal pleading requirements vanish when he files a fraud claim in federal court. *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751 (6th Cir. 2014) (explaining that even though "the substance" of a fraud claim is "governed by state law[,]" it is still nonetheless "governed by Fed. R. Civ. P. 9(b)"); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) ("Plaintiffs filed their proposed amended complaint [alleging fraud under Michigan law] ten months after their case was removed to federal district court, and thus they were required to comply with Rule 9(b)."); *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 780 (E.D. Mich. 2014) ("When alleging fraud in a federal complaint, a party must state 'with particularity' the circumstances constituting the fraud.") (citing Fed. R. Civ. P. 9(b)). So Rule 9(b) applies and, as described below, forecloses Jain's state law fraud claim against the individual defendants.

4

Because he does not believe the rule applies here, Jain does not advance any argument about Rule 9(b), let alone cite Rule 9(b) or any federal pleading rule, authority, or case. That itself constitutes waiver, or at least forfeiture. *See Federal National Mortgage Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932 (E.D. Mich. 2022) ("While the failure to respond to an argument is more commonly seen in response to a motion to dismiss, it is well settled in this District that such failure can constitute concession of the un-addressed argument."); *Albury v. Strategic Staffing Sols.*, No. 24-13263, 2025 WL 2552164, at *3 (E.D. Mich. Sept. 4, 2025) (explaining that "failure to address an argument serves as a waiver of challenging that argument"); *see also Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (failure to address argument in response to motion to dismiss "amounts to a forfeiture of the claim").

Waiver (or forfeiture) aside, Jain's allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. For example, Jain does not say who made each allegedly fraudulent statement—i.e., was it the individual defendants as one group or each individual defendant separately? Jain also does not say, besides providing entire month timeframes, when each statement was made. He further fails to plead where each statement was made, or how it was made—i.e., was it made in person, on the phone, via email or text? Those pleading deficiencies highlight a more global problem with his allegations: Jain largely lumps the three individual defendants together. (*See* ECF No. 1, PageID.4–6.) But such group pleading does not comport with Rule 9(b). *See Jamil v. Longe*, No. 24-13029, 2025 WL 2426300, at *6 (E.D. Mich.

Aug. 21, 2025) ("A plaintiff cannot meet this heightened pleading requirement [under Rule 9(b)] by 'indiscriminately grouping all of the individual defendants into one wrongdoing monolith.'") (citation omitted); *Sterling v. Experian Info. Sols., Inc.*, No. 19-2993, 2021 WL 4310597, at \*6 (N.D. Ohio Sept. 22, 2021) ("In the context of Rule 9(b)'s heightened pleading requirements, such collective pleading is generally impermissible because it does not adequately identify the circumstances surrounding each defendant's alleged wrongdoing.") (citation omitted). So too here.

Thus, judgment on the pleadings is warranted as Jain fails to satisfy Federal Rule of Civil Procedure 9(b). Because that resolves this motion, the Court does not analyze the individual defendants' alternative arguments.

### B.

Jain tries to keep the individual defendants in this case by urging a piercing of the corporate veil. (ECF No. 19, PageID.154.) "Without regard to Count II of [his] Complaint," Jain maintains, "the individual Defendants should remain parties because the Complaint alleges facts sufficient to allow Plaintiff to seek remedy for any liability of the corporate entities by piercing the corporate veil." (*Id.*) Indeed, the "issue presented," Jain says, is "whether the corporate veil should be pierced." (*Id.* at PageID.146.)

As another court aptly summarized:

A court will ignore a corporation's separate existence "only where an otherwise separate corporate existence has been used to subvert justice or cause a result that [is] contrary to some other clearly overriding public policy." *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995) (internal quotation marks omitted) (alteration in original); *see also United States v. Bestfoods*, 524 U.S. 51, 63 (1998) (noting that "the

corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably, fraud, on the shareholder's behalf."). "The traditional basis for piercing the corporate veil has been to protect a corporation's creditors where there is a unity of interest of the stockholders and the corporation and where the stockholders have used the corporate structure in an attempt to avoid legal obligations." *Foodland Dists. v. Al-Naimi*, 559 N.W.2d 379, 396 (Mich. App. 1996); *see also Soloman v. Western Hills Dev. Co.*, 312 N.W.2d 428, 431 (Mich. App. 1981) ("Where the corporation is a mere agent or instrumentality of its shareholders or a device to avoid legal obligations, the corporate entity may be ignored."). A court may pierce the corporate veil where: (1) the corporate entity is a mere instrumentality of another individual or entity; (2) the corporate entity was used to commit a wrong or fraud; and (3) the plaintiff suffers an unjust injury or loss. *Florence Cement Co. v. Vettraino*, 807 N.W.2d 917, 922 (Mich. App. 2011).

*Keystone Mfg., LLC v. Accuro Med. Prods., LLC*, No. 12-1186, 2013 U.S. Dist. LEXIS 74409, at *11–13 (W.D. Mich. May 28, 2013). But Jain's complaint does not plead sufficient facts to support a piercing of the veil at this stage. "When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to [Federal Rule of Civil Procedure 9(b)]." *Se. Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (citation omitted); *United States v. Tenet Healthcare Corp.*, No. 24-1785, 2025 WL 1166894, at *3 n.2 (6th Cir. Apr. 22, 2025) (declining to "reach [the] argument" that "the district court erred in determining that plaintiffs failed to pierce the corporate veil" where there was a "failure to plead with particularity" that in turn "alone requires dismissal under Rule 9(b)"); *Greater Michigan Plumbing & Mech. Contractors Ass'n, Inc. v. Precision Power & Gas, LLC*, No. 17-10533, 2018 WL 6697111, at *5 (E.D. Mich. Dec. 20, 2018) (analyzing request to pierce corporate veil for fraud claim under Rule 9(b) because "[t]he Sixth Circuit Court of Appeals has held

7

that Rule 9(b) applies to allegations of fraud made in support of an attempt to pierce the corporate veil") (citing *Southeast Tex. Inns, Inc.*, 462 F.3d at 672). Jain's attempt to pierce the corporate veil thus necessarily fails because his fraud claim does not satisfy Rule 9(b), *see id.*, and there are insufficient allegations that the corporate entities were used to perpetuate a fraud.

If, however, Jain prevails on the claim(s) against the corporate entities, he can seek to pierce the corporate veil post-judgment if warranted. *See Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*, 632 F. Supp. 3d 736, 738 (E.D. Mich. 2022) ("'[I]t is well established that piercing the corporate veil is not itself a cause of action'; it is a postjudgment remedy.") (quoting *Brennan v. Nat'l Action Fin. Servs., Inc.*, No. 12-10551, 2012 WL 3888218, at \*3 (E.D. Mich. Sept. 7, 2012) (collecting cases)).

### III.

For the reasons above, the individual defendants' motion for judgment on the pleadings (ECF No. 15) as to the only claim against them (ECF No. 1, PageID.8–9) is GRANTED. The individual defendants are DISMISSED from this case.

IT IS SO ORDERED.

Dated: May 5, 2026

s/Laurie J. Michelson    
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE